IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
05 MAY 24  FB 3: 41
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

UNITED STATES OF AMERICA,

    Respondent,

vs

EDUARDO ALICEA-TORRES,

    Movant.

§
§
§
§
§
§
§
§
§
§
§
§
§

Crim. No. 3:97-CR-00076-DRD-ALL

Civil No._____

28 U.S.C. §2255

### MOVANT'S PRO SE MEMORANDUM OF LAW AND FACTS IN SUPPORT OF SECTION §2255 MOTION

COMES NOW, Eduardo Alicea-Torres, the movant acting pro se in the above-styled §2255 motion and respectfully submits the following FACTS and LAW in support of his pro se motion to vacate, a copy of such being accompanied with this memorandum and incorporated by reference herein.  This pleading is made and sworn to under penalty of perjury.

In support of movant's motion for relief under §2255 the movant would aver as follows:[1]/

### I. STATEMENT OF THE CASE

---

[1]/ Movant would respectfully invoke liberal construction of his pro se pleadings as established by case law.  Haines v. Kerner, 404 U.S. 519 (1972).

A.    Facts of the Case[2]

The movant was charged along with twenty-one others, with con-
spiracy to distribute various controlled substances in violation
of 21 U.S.C. §841(a)(1) and §846.  Movant, along with ten other
co-defendants exercised their right to a jury trial which com-
menced on December 28, 1998 (Dk. #464) and went for approximately
six months ending with a guilty verdict on June 28, 1999 (Dk.
#'s 850-860).

During the trial, three cooperating witnesses testified
relative to movant.  Victor Negron-Maldonado, aka Pitosito
(Negron-Maldonado), Ramon Cesareo (Cesareo) and Luis D. Torrens-
Alicea aka Pito-Salsa (Torrens-Alicea).

Negron-Maldonado testified that he would sometimes observe
the movant selling drugs at the Calljon Dos drug point (Tr. Vol
01-13-99, p. 46), (Tr. Vol. 01-19-99, p. 29).

Negron-Maldonado also testified that he was the one who
cooked cocaine into crack cocaine (Tr. Vol. 01-19-99, p. 33).
That sometimes Negron-Maldonado would cook for the movant until
he learned how to cook on his own. (Tr. Vol. -1-22-99, p. 62).
Negron-Maldonado did not know who packaged the crack cocaine
that he cooked for the movant (TR. Vol. 01-22-99, p. 67).
Negron-Maldonado would cook crack cocaine for the movant at Pipo's
house in Callejon Dos (Tr. Vol. -1-25-99, p. 42-43.

---

[2]
    The movant contests the facts as testified to by government
    witnesses however, will acknowledge the facts as stated by
    the jury's verdict.  U.S. v. Soto-Beniquez, 356 F.3d 1
    (1st Cir. 2003).

Cesario testified that he would see the movant present at Callejon Dos when he went to pick up firearms (Tr. Vol. 03-19-99 p. 8). Cesario would also see the movant present while drugs were packaged at Callejon Dos when he went to pick up firearms, from January to May, 1992 (Tr. Vol. 03-19-99, p. 41.)

Cesario testified that he would see the movant selling drugs at William's point in Cuba Street (TR. Vol. 03-19-99, p. 6). He also would see William and Canito giving instructions to the movant between January-May, 1992. Cesario would see the movant selling drugs at William's and Canitó's (movant's alleged co-conspirators) respective points in Cuba Street (Tr. Vol. 03-19-99, p. 42-43).

Casario also testified that he remembered that he had been interviewed by movant's attorney. He remembered being asked what, if any, personal knowledge concerning movant activities in this conspiracy. However, Mr. Cesario did not remember that he had answered that the only thing he knew about the movant was that the movant was in the area (Tr. Vol. 04-12-99, p. 127).

Torrens-Alicea testified that during 1993 (Tr. Vol. 04-15-99, p. 49), he and Yungo, Juanity, Rene and Tony stole four bales full of kilos of cocaine (Tr. Vol. 04-15-99, p. 52-53). That they all stored the shipment and located themselves to Israel Ward where part of the kilos were sold wholesale and the other part was prepared in decks, in small bags to be sold at the drug point that Tony established at Callejon Nine (Tr. Vol. 04-15-99, p. 59).

Cesario also testified that while in custody his picture

-3-

had been taken by a government agent along with his friend, then
cooperating witness Juan Antonio Rodriguez-Lopez, aka "Bebo"
to send to their families. (Tr. Vol. 04-06-99, p. 38).

Torrens-Alicea testified that he met the movant in 1993 at
Callejon Nine and the movant would always be there, hanging
around with him and his friends, but sometimes there were days
when the movant did not go there at all (Tr. Vol. 04-20-99, p.22).

Torrens-Alicea testified that he never did any drug dealings
with the movant, but that the movant mostly did drug dealings with
Tony, and that Torrens-Alicea knew that because Tony (Juan Antonio
Rodriguez-Lopez, #22 in the indictment) told him.  That Tony told
him that on one occasion Eggy had sold four kilos to a drug
trafficker called Junito Mata (Tr. Vol 04-20-99, p. 23, 25).

Torrens-Alicea also testified that as part of his cooper-
ation agreement with the government he was debriefed three times,
but it was not until that same month, April, 1999, that Torrens-
Alicea told the government about the movant's alleged involve-
ment with those four kilos of cocaine (TR. Vol. 04-22-99, p.125-
127).

B.   Procedural History:

Subsequent to the jury's verdict on June 25, 2999, the district
court sentenced movant to Life imprisonment on January 24, 2000
(Dk. #1134).  A timely notice of appeal was filed on January 24,
2000 (Dk #1136).

On February 4, 2000, the district court vacated movant's
sentencing judgment (Dk #1153).  On February 28, 2000, the

-4-

district court resentenced movant to Life imprisonment (Dk #1196, 1197).  A second notice of appeal was filed on March 17, 2000, (Dk #1217).

The First Circuit Court of Appeals affirmed movant's conviction and sentence on November 20, 2003, and denied rehearing on January 22, 2004.  See: U.S. v. Soto-Beniquez, 356 F.3d 1 (1st Cir. 2003)(Published opinion).

In or about 2004, the movant sought discretionary review from the U.S. Supreme Court pursuant to a petition for writ of certiorari that was denied by order of the Court on June 1, 2004. See: Alicea-Torres v. U.S., No. 03-9938, 158 L.Ed.2d 985 (2004).

## II. GROUNDS FOR RELIEF[3/]

A.   MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL
     AS GUARANTEED BY THE SIXTH AMENDMENT TO THE U.S.
     CONSTITUTION.   STRICKLAND V. WASHINGTON, 466 U.S.
     688 (1984); UNITED STATES V. NATANEL, 938 f.2D 302
     (1ST CIR. 1991)

1.  Failure To Properly Move And Argue For Severance:

Movant alleges that he was deprived effective assistance of counsel and a fair trial due counsel's failure to properly move for and argue for severance from putative co-defendants.  Rule 14, F.R.Crim. P.; Zafiro v. U.S., 506 U.S. 534 (1993).

---

3/

Movant must note the fact that he has not been able to access his criminal files or trial transcripts to properly litigate post-conviction remedy.  A motion for order to show cause and produce records is being filed with this §2255 motion.

Counsel knew, or should have known, that movant's defense against charges of murdering police officer and government inform- ant would be mutually exclusive and antagonistic to co-defendants defense, U.S. v. Serpoosh, 919 F.2d 835 (2nd Cir. 1990); U.S. v. Buljubasic, 808 F.2d 1260 (7th Cir. 1987); U.S. Peveto, 881 F.2d 844, 856-58 (10th Cir. 1989). [4/]

Joinder of defendants deprived movant of favorable testimony evidence from persons(s) he was tried with due to their own inter- est and Fifth Amendment Rights.  Taylor v. Singletary, 122 F.3d 1390 (11th Cir. 1997); U.S. v. Neal, 27 F.3d 1035 (5th Cir. 1994).

Further, the movant was deprived his Constitutional right to confront witnesses against him because various government agents and witnesses were allowed to offer hearsay testimony purported to be statements by movant's co-defendants; however, movant could not confront the source of culpatory statements.  Bruton v. U.S., 391 U.S. 123 (1968); U.S. v. Richards, 241 F.3d 335 (3rd Cir. 2001); U.S. v Doherty,  233 F.3d 1275 (11th Cir. 200); U.S. v. Yizar, 956 F.2d 230 (11th Cir. 1992).

Finally, the prejudicial spill-over from evidence used against co-defendant far outweighed the benifits of prosecuting movant with other defendants.  The government offered the testimony of hundreds of witnesses during the seven month trial.  However, only three witnesses mentioned movant and only one of those claimed direct knowledge of facts related to movant.  Moreover, the courts failure

---

[4/]

It must be noted that  movant is acting pro se and will often cite caselaw more for analogical or illistrative effect more so than controlling referrences.

to properly instruct the jury--and counsel's failure to object--exacerbated the prejudicial over-flow of evidence.  U.S. v. Davidson, 936 F.2d 856 (6th Cir. 1991); U.S. v. DiNome, 954 F.2d 839 (2nd Cir. 1992).

2.  Failure To Conduct Adequate Investigations:

Counsel failed to properly and adequately investigate movant's criminal case by interviewing all witness, visiting various crime scenes and other relevant locations, examining physical evidence, canvessing and marshalling facts and evidence in defense of movant.  Rickman v. Bell, 131 F.3d 1150 (6th Cir. 1997);  U.S. v. Williams, 59 F.3d 673 (7th Cir. 1997); Johnson v. Baldwin, 114 F.3d 845 (9th Cir. 1997); Groseclose, Bell, 130 F.3d 1161 (6th Cir. 1997);  Pavel v. Hollins,  261 F.3d 217 (2nd Cir. 2001[5]

3.  Failure To Properly Explain U.S.S.G.'s And Inform Movant Of Sentence Expossure:

Movant was charged with violation of Federal narcotics statutes (21 U.S.C. §841(a)(1) & 846) which do not call for a life sentence without parole.  In fact, counsel specifically informed movant that he was facing 17-20 years at the most if the jury found him guilty as charged.  At no time did counsel advise movant that the U.S. Attorney would essentially prosecute movant for and proffer evidence related to, the murder of a PR Police officer and a female government informant.

---

[5] When Movant is provided with his criminal files containing discovery and other material he will submit more specific facts supporting this claim.

It seem's fundamentally unfair to charge a defendant for crime
A with a prescribed sentence of twenty-years; let him make a deci-
sion to forgo plea negotiations/deal and risk a jury trial --based
on 20 year exposure--and then try him for crime B with a prescribed
sentence of life without parole.  Fifth and Sixth Amendment, U.S.
Constitution.

Counsel apprised movant of the mandatory nature of U.S. Sentencing
Guidelines which prescribed a sentence range for movant--if a
guilty verdict was reached--at Criminal History Category (CHC)
Level II and a Base Offense Level (BOL) of 36 resulting in a sen-
tenceing range of 210-262 months.  To be sure, counsel never told
movant that he was exposing himself to life imprisonment without
parole.  Moreover, counsel never advised movant about the judges
ability to enhance sentence based on proponderence of evidence
standard related to facts not charged or determined by a jury.

A criminal defendant has a constitutional right to know how
much time he's facing to make an informed decision to plead guilty
or go to trial.  And counsel is ineffective for failing to provide
movant with such legal knowledge.  Strickland v. Washington, 466
U.S. 488 (1984); Baker v. Barbo, 177 F.3d 149 (3rd Cir. 1999);
U.S. v. Ridgeway, 5th Cir. 2-06-03(Counsel must advise defendant
about sentencing exposure prior to trial); Teague v. Scott, 60
F.3d 1167 (5th Cir. 1995). Trasso v. Maggio, 731 F2d 288 (5th 1984).

---

6/
    It should be noted that the Supreme Court held the U.S.S.G.'s to be
mandatory Mistretta v. U.S., 488 U.S. 361, 412 (1989).  However, the
Supreme Court recently held the mandatory language in 18 U.S.C. §3553
as unconstitutional.  U.S. v. Booker 543 U.S.    (2005).

Movant may very well have seriously entertained pleading guilty to charges in a negotiated deal to receive BOL reduction for acceptance of responsibility pursuant to USSG §3E1.1(a) & (b)-- something else counsel failed to explain to movant prior to trial.

4. Failure To Properly Pursue Plea-Negotiations And Advise Movant Relative to Such:

Movant considered pleading guilty to drug charges and not risk being found guilty by a jury because of all the enflamatory evi- dence and orchastrated efforts of known criminals turned govern- ment witnessess. Counsel did not effectively and/or diligently pursue plea negotiations with the U.S. Attorney nor convey any actual proposed plea-agreeements proffered by the U.S. Attorney's Office.

Moreover, counsel failed to give movant the legal advise and knowledge needed to make an informed decision relative to pleading guilty or facing a jury trial. Movant would have probably pled guilty had he been informed as to (1) the applicable sentencing exposure, (2) the ability of the government to offer evidence of uncharged crimes (3) the district courts power to make evidentiary findings based on diminished burden of proof and (4) the court's authority to manipulate the U.S.S.G.'s and sentence movant. At the very least, movant would have been far more amenable to a strategy calling for more vigourous plea-negotiation had counsel provided him with adequate and effective legal advice. U.S. v. Price, 237 F.Supp. 2d 1 (D.D.C. 20020; cf. Williams v. State, 605 A.2d 103 (Md 1992) Crim. Law Key 641.13(5).

5.  Failure To Properly Move And Argue For Exclusion Of
    And Object To Unduly Prejudicial Evidence:

The government was allowed to proffer all sorts of highly enflam-
atory and unduly prejudicial evidence at movant's trial that ulti-
mately deprived movant of a fair trial and effective assistance of
counsel.  Movant was convicted based on the government's ability
to intentionally and deliberately introduce inflamitory, unduly
prejudicial and irrelvant evidence against him.  The sole purpose
of this unduly prejudical evidence was to enflame the jury and
create bias against movant.  U.S. v. Cardall, 885F.2d 656 (10th
Cir 1989); U.S. v. Miranda, 593 F.2d 590 (5th Cir. 1979; U.S. v.
Marque,600 F.2d 742 (9th Cir. 1979); U.S. v. Fulmer, 108 F.3d 1486
(1st Cir. 1997); U.S. v. Aguilar-Aranceta, 58 F.3d 796 (1st Cir.
1995); U.S. v. Ferreira,821 F.2d 1 (1st Cir. 1987).[7/]

6.  Failure To Challenge, Object To And Or Preserve Government's
    Suppression Of Material Evidence Favorable to Movant:

Counsel should have, but did not, challenge the government's
collection, containment, handling, and suppression of certain
evidence favorable to the movant.  The government failed to disclose
evidence that it knew or should have known, was favorable to the
movant's defense.

    The government turned a drug trafficing prosecution against

---

[7/] Again, Movant can not refer to the pertanent portions of record without
     access to trial transcripts and will amend supporting facts when counsel
     makes available movant's criminal files and transcripts.

movant into a defacto murder prosecution, however did not put
movant on proper notice under Fifth and Sixth Amendment nor provide
due process of law and meaningful discovery relative to murder
prosecution. Kyles V. Witley, 514 U.S. 471 (1995); Brady v. Mary-
land, 373 U.S. 83 (1963); U.S. v. Snell, 899 F.Supp. 17 (D.Mass
1995); U.S. v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987)[8/]

7.  Failure To Excuse Jurors For Cause And/Or Use Peremptory
    Strike To Remove Certain Jury Venire From Service On
    Petit Panel.

Counsel failed to have certain individuals removed from service
as petit jury members either for cause or use of preemptory
strike.  Movant requested that counsel not allow certain members
of the jury venire serve as petit jury members based on indication
of probable bias and other causes for excusing them.

    At least three (3) jurors obviously expressed a bias in
favor of the prosecution by their responses to questions.  While
other members of the jury were bias against any person(s) who
were investigated and charged by the American Federal Government
because they were associated with, or had family connected to,
the Federal government in Porto Rico.  Counsel allowed individuals
to serve in movant's petit jury who were unable to render an
impartial verdict.  28 U.S.C. §1866; Irvin v. Dowd, 366 U.S. 717
722-23 (1961); Reynolds v. U.S., 98 U.S. 145 (1878); U.S. v.

---

[8/]  Movant is presently pursuing various FOIA/Privacy actions and makes
this claim to preserve issue.  Moreover, movant must have access
to his criminal files to ascertain what evidence was disclosed and
what was not.  Mendez. v. Aruz 303 F.3d 411 (2nd Cir 2002.

Herndon, 156 F.3d 629 (6th Cir. 1998); U.S. v. Amerson, 938 F.2d
116, 117-18 (8th Cir. 1991).

8.    Failure To Properly Cross-Examine Witnesses:

Counsel failed to adequately cross-examine many of the government's
witnesses and completely waived cross-examination of others.
Instead of protecting movant's interest at trial counsel relied
upon co-defendant's representation to conduct and control cross-
examination of governement witnesses.

     Movant repeatedly instructed counsel to ask certain witnesses
specific questions but counsel either refused or gave some excuse
why movant's suggested question would not be appropriate.  In
particular would be counsel's cross-examination of government
witness CESARIO-SOTO relative to movant's activity in a certain
known drug areas.  Had counsel conducted proper cross-examination
of SOTO there is a reasonable probability that the jury would
have concluded that both SOTO and/or government witness TORRENS-
ALICEA'S testimony was false; calling into question the credibility
of two of the three witnesses that offered any incriminateing
evidence against movant.

     The government's appellate response brief used Counsel's
inadaquate cross-examination of witness SOTO to defend it's
position that prosecutorial misconduct did not occur.(See:
Gov. Resp. B. pg 103) Dixon v. Snyder, 266 F.3d 693, 703-05, (7th
Cir. 3002); Berrymann v. Morton, 100 F.3d 1089 (3rd Cir. 1996)
(counsel failed to use inconsistant statements to impeach gov-
ernment witness).

9.   Flailure To Object To Prejudicial Hearsay Testimony:

Movant alleges that counsel allowed numberous witnesses to give

hearsay, double hearsay, and triple -hearsay at trial without

objecting or otherwise preserving for appellate review.  Counsel

allowed--without objection --the government to use a drug conspri-

acy as pretext to proffer unlawlful hearsay relative to other

crimes not charged or necessarily related to drug dealing alle-

gations.  There was never any preliminary finding at conspiracy

associate with murder, assaults, and other crimes evidence pre-

sented to the jury.

Allowing the government to offer hearsay testimony  to

prove a substantive criminal offense deprives the defendant Due

Process of   Law and Right to Confront Witnesses against him.

Fifth and Sixth Amendments, U.S. Constitution; Pointer v. Texas,

380 U.S. 400 (1965); Md. v. Craig, 407 U.S. 1012 (1988); Rickman

v. Bell, 131 F.3d 1150 (6th Cir . (1997); Crawford v. Washington,

541 U.S. 36   (2004)

10.  Failure To Object to Prosecutor Misconduct:

During movant's criminal proceedings the prosecutors harassed

potential defense witnesses'; suppressed material evidence favor-

able to movant; manipulated jury selection process; made deals

to purchase false testimony from various criminals by allowing

them to escape punishment for their own crimes and giving them

preferential treatment while in and out of jail; repeatedly made

prejudicial and inflamatory comments during opening Statement

and closing arguments; improper bolstering of government witness referring to evidence not in case, and shot evidentiary harpoon during trial by asking witnesses questions that AuSA knew, or sould have known would ilicate inadmissble and inflamitory testimony.

Coursel allowed the AUSA; to effectively run roughshod over movant's rights to a fair and impartial trial by not properly objecting to the prosecutions tactics, or properly investigating facts and law to glean knowledge to anticipate occurance of misconduct via question of certain governement witness. Berger v. U.S., 295 U.S. 78 (1935); Darden v. Wainwright, 477 U.S. 168 (1986); U.S. v. Smith, 982 F2.d 681 (1st Cir. 1993) (improper comments implying personal opinion); U.S. v. Procopr 88 F.3d 21, 32 (1st Cir. 1996); U.S. v. Blakley 14 F.#d 1557 (11th Cir. 1994).

11.  Ineffective Counsel/Denial Right To Testify:

Counsel advised movant not to testify at trial.  Movant wanted to testify but counsel's coersive tactics and erroneous advice pursuaded  him not to take the stand against his own best interest  Movant was told by counsel, co-denfendant, and co-defendant's attorneys that he (movant) had best not testify because it would jeopordize fellow defendant's chances of acquital In other words, movant's best interests were sacrificed for those of co-denfedants who--individually and through  counsels--

-14-

pursuaded movant to forego his Constitutional Right to testify.[9/]

Moreover counsel used his position as movant's legal advisor to convince movant to waive his right to testify by giving movant erroneous and incomplete legal advise. Consequently, movant's decision not to testify was not a knowingly, intelligent and voluntary waiver. U.S. v. Teague, 953 F.2d 1525 (11th Cir. 1990); Chang v. U.S., 250 F.3d 79 (2nd Cir. 2001); Campus v. U.S., 930 F.Supp 787 (1994); Rock v. Arkansas, 483 U.S. 44 (187).

12.  Failure To Call Witnesses And Prezent Favorable Evidence
     In Defense of Movant:

Movant alleges that counsel knew, or should have known about certain witnesses and evidence that would have been favorable in the defense of movant however did not present such to the jury at movant's trial.[10/]

The Government did not put movant on proper notice that he was facing criminal allegations of murder, assualt, kidnapping, torture and other substantive offenses and therefore movant could not prepare a defense and/or effectively direct counsel's investigative efforts.

---

9/
    This issue is inextricably related to movant's claim of IAC for not properly arguing severance of defendants.

10/
    See: Affidavit of Eduardo Alicea-Torres attached herewith. Movant is in the process of identifying all individuals and procuring affidavits from witnesses. Without his criminal files the movant's ability to prepare this §2255 is severly hampered.

movant contends that there exists numerous witnesses and pro-
bative evidence that was not investigated and/or used by counsel
in defense of movant.  Moreover, the government hamstrung
defenseby withholding and supressing favorable evid3nce dening
movant a fair trial and due process of the law.  <u>Pavel v. Hollins</u>.
261 F.3d 210 (2nd Cir 2001); <u>Brown v. Myers</u>, 137 F.3d 1154 (9th
Cir 1998(; <u>Wiggins v. Smith</u>, 156 L.Ed. 2d 471 (2003);  <u>Henderson</u>
<u>v. Sargent</u>, 926 F.2d 706 (8th Cir. 1991); <u>Williams v. Washington</u>,
59 F.3d (7th Cir. 1995).

13.  <u>Failure To Object To District Court's Constructive</u>
     <u>Amendment of Indictment</u>:

The criminal indictment charged movant with violation of federal
narcotics laws, and specifically alleged that movant conspired
with certain named co-conspiractors as well as other's unknown.
However, when the district court charged the jury as to the ele-
ments of offences the court did not instruct the jury that
individually named co-conspirators were an element of the con-
spiracy charged against movant.  Rather, the trial court
instructed the jury that movant could be found guilty of conspiracy
if he conspired with any individual(s).  Thereby broadening the
scope of the indictment and constructively amended such via jury
instruction. Court removed quantity as element of §841B(b)(1)(A).

When movant decided to venture a trial by jury he was advised
and allowed to believe, that the government had to prove (beyond
a reasonable doubt) that movant in fact conspired with the
<u>specifically</u> <u>named</u> <u>co-conspirators</u> as enumerated in the indictment.

-16-

Additionally, the movant was led to believe that the government had to prove that he conspired to distribute the types and quantities of controlled substances  alleged in the indictment. Again the district court's jury charge removed elements of criminal charges alleged against movant and deprived movant of a fair trial.  Had movant known that his jury would be instructed in a fashion that effectively broadened the act of indictment, movant would <u>not</u> have gone to trial.

At least one Circuit  Court of Appeals has held specifically named co-conspiractors as an element of conspiracy charged. <u>U.S. v. Keller</u>, 916 F.2d 628 (11th Cir. 1999)(district court erred in instructing jury that defendant could be convicted of conspiracy with anyone when the indictment specifically names co-conspiractors); <u>U.S. v. Andrews</u>, 850 F.2d 1557 (11th Cir. 1990); <u>U.S. v. Randall</u>, 171 F.3d 195 (4th Cir. 1999);(Constructive amendment to indictment reversable error); <u>U.S. v. Floresca</u>, 38 F.3d 706 (4th Cir. 1994)(en banc).

14. <u>Counsel Failed To Submit Pro SE Motions And Failed To Preserve Pro SE Motions Filed</u>:

During his criminal proceedings the movant attempted to have filed and filed various <u>pro se</u> motions complaining about delay in proceedings, counsel's failure to effectively represent movandt interests, the government's violations of criminal rules of procedure and movant's constitutional rights, and other motions seeking judicial relief and help identifying witnessess as well as other access to meaningful due process of law.

-17-

cf. <u>U.S. v. Fuller</u>, 938 F.Supp. 731 (D.Kas 1996); <u>Cuyler v.</u> <u>Sullivan</u>, 446 U.S. 335 (1980).  Trial Court should have held hearing to resolve movant's <u>pro se</u> motions and problems with defense counsel and other co-defense counsels.

15.  Failure To Properly Object, Handle, Argue And Preserve
     Matters Related To Removal Of And Notes From, Members
     Of petit Jury:

During movants seven (7) month trial it was discovered that certain members of the petit jury panel gave false information related to their involvment with individuals associated with the criminal case.  Additionally, defense wanted to remove certain petit jury members but counsels either refused to submit motions or offered lackluster arguments for removal.

     Finally, members of the jury sent notes to the court which were not revealed to defense or not appropriately handled by defense counsels.[11]/

16.  Failure To Request Special Verdict Form:

In Jones v. U.S., 526 U.S. 227 (1999) the Supreme Court held that any factor that is used to enhance a defendant's sentence beyond that prescribed by law must be charged in the indictment and determined by the jury beyond reasonable doubt id. pgs 255-56. Counsel knew, or should have known, at the time movant's case

---

[11]/
     When counsel turns-over movants criminal files and trial transcript there will be referrences to the record and additional supporting facts submitted.

went to the jury that sentencing factors as elements was a viable argument sustained by recent Supreme Court authority in Jones and subsequently followed-up in Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. --- (2004) and culminating with U.S. v. Booker/Fanfan, 543 U.S. --- (2005).

Movant alleges that counsel was deficiant in failing to request a special verdict from jury related to quantity and type of controlled substances, the murders charged against movant, and other facts used to enhance movant's sentence (i.e. weapons use/possession). Counsel should have gotten a head-up on the Apprendi-type issue by the Supreme court's ruling in Jones, supra Due to counsel's deficient performance in this regard movant suffered prejudice in the form of being deprived due process of law, a trial by jury on all elements of offense, and a substantially enhanced sentence. Glover v. U.S., 531 U.S. 198 (2001); Ballard v. U.S., 400 F.3d 404 (6th Cir. 2005)(Failure to object to general verdict was IAC. Movant should have been sentenced to least harsh consequence.)(841(b)(1)(C) Marijuana).

17. Failure To Request Certain  Jury Instructions And Failed To Object To The Trial Courts Instructions As Given: [12/]

Movant is not aware of any proposed jury instructions submitted by counsel, nor any objections lodged by counsel against the court's charge to the jury. Therefore, counsel was ineffective

---

[12/]
   Movant can not articulate with specifity as to the court's instructions as given that warranted objection until he gets access to trial transcripts.

for failing to request certain jury instructions. In particular
(1) all the elements of offense charged (2) multiple conspiracy
charge (3) mere presense charge (4) witness credibility-accom-
plice credibility charge (5) elements of murder charged in rela-
tion to conspiracy count (6) defendants right to testify (7) com-
partimentalization of evidence to address over-spill, and other
applicable jury instructions.

Counsel allowed the interests of movant's co-defendants to
dictate the form and application of jury instructions. Had
counsel requested the proper jury instructions there is a reason-
able probability that movant's criminal proceedings would have
ended differently. Gray v. Lynn, 6 F.3d 265 (5th Cir. 1993);
Cox v. Donnely, 267 F.Supp. 2d 418 (ED NY 2003); cf: Jacobs v.
Singletary, 952 F.2d 1282 (11th Cir. 1992); Freeman v. Class,
95 F.3d 639 (8th Cir. 1996).

18. Failure To Properly Argue Rule 29, F.R.Crim.P. Motion
    Or Preserve Issue For Appellate Review:

Movant contends that the government failed to offer evidence to
support a guilty verdict that movant conspired to possess or
distribute in excess of five (5) kilograms of cocaine base.
Counsel was ineffective for failing to properly argue a Rule 29
motion on this specific point of evidentiary insufficiency.

Although the government proffered evidence that certain co-
defendants were distributing cocaine base at other drug points
movant did not have foreseeable knowledge or involvment in those

drug dealing activitites.[13] And counsel should have moved for
direct verdict related to charges that movant delt in quanties
of cocaine base as alleged in the indictment.

Counsel is ineffective for failing to preserve a defendant's
claim of insufficant evidence on direct appeal. Jackson v.
Virgina, 443 U.S. 307 (1979).

19. Counsel Essentially Conceeded Movant's Guilt Before Jury
    Without Movant's Consent Or Knowledge.

At some point during trial movant's counsel apparently came to
the conclusion that movant could not deny his involvment in drug
trafficking, and therfore; should concede movant's guilt with
respect to narcotics charges to curry favor with jury in the face
of evidence suggesting movant's involvment in the murder of a PR
police officer and female informant.

Counsel implied movant was guilty of drug offense during
examination of certain government witnesses but not guilty of
murder notwithstanding the testimony of government witnessess.
During closing argument movant distinctly heard counsel conceed
movant's guilt of drug charges, but denying involvment in murder
cases. Counsel took this action without the knowledge or con-
sent of movant. Consequently, movant was denied a fair trial.
Brookhart v. Janis, 384 U.S. 1 (1967); Wiley v. Sonders, 647 F.2d
642 (6th Cir. 1981); Ramirez v. U.S., 17 F.Supp.2d 63, 67 (D.R.I.

----

[13]
    This is why movant's counsel was ineffective for not requesting a
proper multiple conspiracy instruction and instruction to com-
partenmentalize evidence.

1998)(there is no question that counsel's acknowledgment that
defendant is guilty of all charges or utter failure to present
an appropriate challenge to the prosecutor's case is so egregious
and may so undermine the adversarial process to deny defendant
a fair trial.)

20.  Failure To Raise Conflict Of Interest To Trial Court Or
     Preserve The Court's Failure To Address Conflict Of Interest
     Between Movant And Counsel:

During the course of movant's trial the attorney/client relation-
ship progressively deteriated.  Movant repeatedly attempted to
make a record of counsel's failure to effectively represent
movant's interest.  Movant wrote letters to the Court, however
nothing was done to address the conflict.  Counsel ignored mov-
ant's suggestions related to examination of various witnesses;
threatened to remove himself if movant continued to complain and
offer layman suggestions.

  Movant felt that counsel was representing the interest of
co-defendants at movant's expense, and helping co-defendant's
counsel's at the expense of movant's best interest.  To be sure,
movant wanted to plead guilty and avoid a trial but counsel
advised against such expediancy--advice that was more in favor
of co-defendants than movant's best interests.  This raised an
obvious conflict of interests and confused loyalitites for
counsel.  The district court knew, or should have known, that a
conflict of interest was brewing between movant, his attorney

and the interest of co-defendants and their attorneys. <u>Mickens v. Taylor</u>, 152 L.Ed.2d 291 (2002); <u>Stoia v. U.S.</u>, 22 F.3d 766 (7th Cir. 1994); <u>Holloway v. Arkansas</u>, 435 U.S. 475 (1974).

21.   <u>Accumulated Ineffective Assistance of Counsel and Errors.</u>

Movant would herein reallege every claim of ineffective counsel setforth above in Section A, 1-20. As a consequence of counsel's deficient performance during movant's criminal pretrial, trial, sentencing and appellate proceedings the movant was deprived a fair trial.

The Courts have recognized and accepted the theoretical underpinnings of the cumulative error argument. <u>United States v. Dwyer,</u> 843 F.2d 60, 65 (1st Cir. 1988)("individual errors insufficient in themselves to necessistate a new trial, may in the aggregate have a more debilitating effect") <u>U.S. v. Sepulveda,</u> 15 F.3d 1161 (1st Cir. 1993). The cumulative effect doctrine has been used to assess counsel's performance. <u>Cargle v. Mullin,</u> (10th Cir. 1-27-03); <u>Henry v. Scully,</u> 78 F.3d 210 (2nd Cir. 2001); (ineffective assistance of counsel pedicated on cumulative error.) <u>McDowell v. Calderon,</u> 107 F.3d 1351 (9th Cir. 1997).

In light of movant's inability to review the transcript in order to refresh his memory, this court should allow movant to amend his §2255 motion <u>after</u> reciept of the criminal files. At this juncture, movant does not feel comfortable making specific factual allegations, under oath and penalty of perjury, against criminal defense attorneys beyond those made in the memorandum thus fare. (<u>See</u> Affidavit of Eduardo Alicea-Torres attached).

-23-

B.   MOVANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE
     COUNSEL AS GUARANTEED BY THE FIFTH AND SIXTH AMENDMENTS
     TO THE U.S. CONSTITUTION. <u>Evitts v. Lucey</u>, 469 U.S. 387
     (1985); <u>Bundy v. Wilson</u>, 815 F.2d 125 (1st Cir. 1987).[14/]

   Movant would reallege all claims as setforth above in Section
A 1-20.  Also, further allege that counsels did properly pre-
serve certain objections during the criminal trial proceedings
that should have been raised on direct appeal.  Appellate
counsel failed to take appellate strategy most favorable to
movant's interest by comporting arguments in accordance to co-
appellant's interest.

   Additionally, appellate counsel was ineffective and performed
negligently by not informing movant when the Supreme Court
denied petition for writ of certiorari on June 1, 2004, which
caused movant to lose over six (6) months time on his 1-year
to file post-conviction relief under 28 U.S.C. §2255.  Now
counsel refuses to make available to movant his criminal files
and transcripts to effectively litigate movant's §2255 motion.
Movant is being denied access to the courts and Due Process of
the law as a consequence of counsels acts and omissions. <u>Bundy</u>
815 F.2d @129.

   To be sure, appellant counsel did not argue on appeal any

---

[14/]
    Movant complains that his former attorney will not turn-over trial
proceeding transcripts thus allowing movant to ascertain what
objections were properly preserved and which weren't, moreover,
be able to refer to the record in support of claims here. <u>Bundy</u>

of the district court's enhancements under USSG or upward
departure for a murder not alleged, charged or determined by
the jury.

C.    MOVANT WAS DENIED HIS RIGHT TO TRIAL BY JURY AS
      GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED
      STATES CONSTITUTION.

1.    Supporting Facts and Argument:

Movant was indicted by a federal grand jury and charged with
violation of 21 U.S.C. §841(a)(1) and §846. The indictment
charged movant with conspiracy to possess and distribute in
excess of five (5) kilograms of powder cocaine, five (5) kilo-
grams herion and in excess of five (5) kilograms of cocaine base
and one hundred (100) kilograms marijuana. Although the jury
reached a gerneral guilty verdict against movant as charged it
did not make any specific finding as to type or quantity related
to the controlled substances. Rather, the district court judge
made evidentiary findings--based on proponderence of evidence
standard-- at movants sentencing which substantially increased
applicable punishment beyond that which the jury's general ver-
dict allowed.

     Specifically, the district court found; (1) conspiracy
involved a murder and applied an upward departure under 5K2.1;
(2) that conspiracy involved firearms increaing BOL two addi-
tional levels under USSG §2D1.1(b)(1); and (3) that conspiracy

-25-

involved in excess of 1.5 kilograms of cocaine base and 30 kilo-
grams of heroin increasing BOL from 26 to 38.[15/]

None of the district court's findings were alleged in the
charging instrucment or determined by the jury or objected to
by counsel . Consequently, movant was deprived his Sixth Amend-
ment right to have a jury determine his guilt or innocence as
to each essential element of coffense charged. Ducan. Louisiana,
391 U.S. 145 (1968); In Re Winship, 397 U.S. 358 (1970)("The
Due Process Clause protects the accused against conviction
except upon proof beyond reasonable doubt of every fact necessary
to constitute the crime with which he is charged:.)

The U.S. Supreme Court recently ruled that the USSG's were
unconstitutional because they violated a defendant's Sixth Amend-
ment right to have a jury, as opposed to a judge, determine all
fact(s) necessary to impose a sentence beyond that allowable
solely on the basis of the facts reflected in the jury verdict
or admitted by the defendant, Booker v. U.S., 2005 WL 50108 (U.S.)
Blakely v. Wahington,   542 U.S.   (2204).   In movant's case
the jury verdict reflected--at the most--a determination that
movant violated 21 U.S.C. §846 under statute with least sentence.
That is the controlled substance charged in the indictment (i.e.
five kilograms of powder and 100 kilograms  of Marjuana respect-

---

15/

The quantities alleged in indictment (5 kilogrms powder and 100
kilograms of marijuana) call for a maximum BOL of 26 under USSG 2Dl.1.

fully.[16] Therefore, assuming the jury considered the quantities
of controlled substance alleged in §846 count of indictment not-
withstanding the courts' instruction to the contrary, the ver-
dict would necessarily result in a finding of guilt as refledted
by the charging instrument resulating in a compensarate senten-
cing exposure. Under applicable sentence guidelines in effect
at time of movant's sentencing five (5) kilograms of powder coc-
aine and 100 kilograms of marijuana call for a sentence of 70-
87 months imprisonment.[17]

Instead of recieveing a sentence that reflected the presump-
tive jury verdict related to quantifies of controlled substance
(5) kilograms of powder and 100 kilograms of marijuana; the dis-
rict court proceeded to make additional evidentiary findings--
based on a lesser degree of proof--which resulted in movant's
sentenceing exposure being substantially increased from 70-87
months to 360 to Life . Additionally,the district court made a
factual finding--based on proponderance of evidence--that mov-
ant was involved in a conspiracy with a murder which warranted
a substantial upward departure under 5kl.2. Next the Court
went on to make a factual finding--also not charged in indict-
ment or determined by reasonable doubt standard--that movant
possessed and/or used firearms to facilatate drug dealing

---

16/    It should be noted that movant argues a constructive amendment to
       indictment occured when the trial court's instruction to jury
       removed the element of quantity from the jury's purview.

17/    This calculation takes into account movant's criminal history
       established at horizanal range of II with a BOL of 26.

activities.  Consequently, movant's sentencing range was
increased another two (2) BOL leavels under USSG §2D1.1 (b)(1).

All the above factual findings were, at the time of movant's
sentencing in 2000, authorized by statute and controlling case
law. However,  the Supreme Court recently held that the USSG's
were unconstitutional because, among other things, they worked
to deprive a defendant of his Sixth Amendment Right to trial by
jury.  Booker, Supra.  The Booker  Court declared the USSG's
unconstitutional in 2005 which means they were unconstitutional
at the time of enactment, and at the time of movant's sentencing.
Supreme Court interpretation of federal statute is always retro-
active interpreation.   Davis v. U.S.,417 U.S. 333 (1974);
Rivers v. Roadway Express, 113 S.Ct. 1250 (1993) Any "priorinter-
pretation is, and always was, invalid." Brough v. U.S., 454 F.2d
370, 372 (7th Cir. 1971); Bousley v. U.S., 523 U.S. 614 (1998).

Fundamental Fairness and Due Process of the law would seem
to demand that equitable relief be granted in this case by resen-
tencing movant to properly reflect the jury'sfinding of guilt.

D.     MOVANT IS ACTUALLY INNOCENT OF ENHANCED PORTION OF
       SENTENCE JUSTIFYING JUDICIAL RELIEF UNDER DUE PROCESS
       OF LAW CLAUSE.  FIFTH AMENDMENT, U.S. CONSTITUTION.

1.   Supporting Facts And Argument:

The Supreme Court has held that a prisoner's actual innocence
may serve as cause to excuse procedual bars.  Sawyer v. Whitely,
505 U.S. 333 (1992). This  exception to procedural prerequistes
has been extended to non-capital cases by lower appellate courts

including the Fourth Circuit.  Spence v. Superintentdent Great
Meadow Corr. Facility, 219 F.3d 161 (2nd Cir. 2004); U.S. v.
Mikalajunas, 186 F.3d 490 (4th Cir. 1999).

As a procedural claim  the movant would contend that he is
actually and factually innocent of the enhanced portion of his
prison term.  In particular, movants' sentence beyond that man-
dated by law at time of sentencing.  Under applicable Consti-
tuational and statutoral mandates movant's sentence should be,
at the most 210-262 months--minus acceptance of responsibility.

Any procedural barrs raised by the respondent should be
defeated under the legal theroy that movant is entitled to
remedial relief based on his actual innocence and concepts
of Fundamental Fairness.

E.    MOVANT'S FIFTH AMENDMENT RIGHT WAS VIOLATED WHEN THE
      GOVERNMENT FAILED TO GIVE MOVANT NOTICE OF CHARGES
      BY INDICTMENT.  FIFTH AMENDMENT, U.S. CONSTITUTION.

1.    Supporting Facts and Argument:

Movant was given notice of charges against him by way of
Grand Jury indictment issued in December 1998.  The charging
instrument alleged that movant violated federal Controlled sub-
stance laws promulgated by 21 U.S.C. §84 (a)(1).  In particular
the criminal charges alleged that movant conspired to possess
and distribute controlled substance and did possess and distri-
bute controlled substances.  The indictment referred to specific
amounts of controlled substances. (i.e 100 kilos marijuana; 5 kilos

of Heroin, 5 Kilos Cocain & Crack). Movant went to trial prepared to defend against these allegations; however, during trial the district court removed the element of quantity from the jury's fact finding province. And, after a verdict of guilty, the district court increased movant's sentencing exposure far beyond that authorized by the jury's verdict.

More significantly here, the Court predicated this increase in sentencing exposure on facts not alleged in the Grand Jury indictment or determined by the petit jury. (i.e. drug quantities role in conspiracy, and weapons possession/use).

The United States Constitution requires the federal government to initiate and prosecute capital or "otherwise infamous" crimes by indictment. Fifth Amendment, U.S. Constitution. Mackin v. U.S., 117 u.S. 348 (1886); ex parte Bain,121 U.S. 1 12 & 13 (1887)(overruled on other grounds,)369 U.S. 749 (1962).

Rule 7(c)(1), F.R.Crim.P. codify Supreme Court and Constitutional indictment requirments which prescribe a plain, concise, and definite written statemnt of the essential facts constituting the offense charged." Rule 7(c)(1), F.R.Crim.P.; Emphasis added) U.S. v. Davis, 184 F.3d, 371 (4th Cir. 1999).

Movant was not given notice that he would be sentenced (if found guilty as charged) for conduct not alleged in the indictment. In particular, the use/possession of firearms, role as supervisor in criminal activity, or quantities of cocaine base in excess of five (5) kilograms. Consequently, the movant was deprived his absolute Constitutional Right to be put on notice of criminal charges against him. What occured in this

-30-

case is tantamount to charging a fellow for stealing a two
dollar pack of cigerettes, and then sentencing him for stealing
a whole warehouse of smokes and shooting the security guard.
Surely the courts realize the fundamental unfairness of this
brand of criminal procedure effectuated under the U.S. Senten-
cing Guidelines.  Hence, <u>Apprendi</u>, <u>Blakely</u>, <u>Booker</u>, & <u>Fanfan</u>.

### RELIEF

WHEREFORE, Movant prays for the following relief:

1.  Order Respondent to make answer to §2255 motion;

2.  Issue Order directing former defense counsel to turn-over
    movant's files and transcripts;

3.  Allow movant to amend §2255 to reflect record and files
    recieved from counsel;

4.  Order respondent to answer amended §2255 motion;

5.  Allow movant 45 days to file a traverse in reply to the
    Respondent's answer to §2255 motion;

6.  Conduct fact development proceedings to include evident-
    iary hearing and expansion of the record;

7.  Appoint counsel;

8.  Vacate Movant's Sentence and Conviction and Order a new
    trial;

9.  Alternatively to #8, vacate movant's sentence and resent-
    ence him to USSG range applicable;

10. Any other relief this Court deems just and proper.

Respectfully prayed for and signed under oath and penalty of
perjury this _6_ day of ___May___, 2005. 28 U.S.C. §1728.

/s/ _Eduardo Alicea_
    Eduardo "Eggy" Alicea-Torres
    Movant, Pro Se

-31-